CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BURNETTE CRIGGER, | ) |
| | ) Case No. 7:09CV00188 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| NEW RIVER VALLEY REGIONAL | ) |
| JAIL, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Michael Burnette Crigger, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Crigger alleges that officials at the New River Valley Regional Jail ("the jail") have refused to provide him with his cane or with copies of reports from two doctors who have examined him and found no medical reason that he requires a cane. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Background

In his complaint and attached grievances, Crigger provides the following sequence of events from which his claims arise.[1] Crigger states that he was determined to be disabled in 2004-2005 and receives disability payments from Social Security. He has "hip problems" and problems with his feet. He asked jail officials if he could have his cane, and someone told him to

---

[1] Crigger's complaint contains few factual allegations. Therefore, pursuant to its obligation to construe a pro se complaint liberally, the court has drawn many of the details about his claims from his own allegations as stated on the attached copies of administrative remedy forms he submitted to jail officials.

have his mother bring the cane to the jail. However, Dr. Moses and Dr. Grubb both notified jail officials that Crigger does not need a cane. Crigger complains that Dr. Moses has not examined his body in order to make the determination that he does not need a cane and that Dr. Grubb performed only "back surgery" on him. Crigger's two stated claims are that he is entitled to receive his cane and to receive copies of the jail doctors' reports regarding Crigger's medical needs. As relief, Crigger seeks to be transferred to a facility of the Department of Corrections so that he may "pursue [his] medical problems."

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As a preliminary matter, plaintiff cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). All claims against this defendant must be dismissed. While the court could allow plaintiff an opportunity to amend to name individual

officers as defendants, the court is satisfied that plaintiff cannot allege facts consistent with his current allegations that would state any claim actionable under § 1983.

Prisoners are constitutionally entitled to necessary medical treatment of known, serious medical needs.[2] Estelle v. Gamble, 429 U.S. 97 (1976). To prove that his course of medical treatment amounted to a constitutional violation, an inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Id. at 104. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. To prove deliberate indifference, the inmate must show that officials were subjectively aware of the plaintiff's need for treatment and its seriousness. Farmer v. Brennan, 511 U.S. 825, 847 (1994). The inmate must show that the official was aware of objective evidence, from which he could draw an inference that a substantial risk of harm existed, and that he drew that inference. Id. The mere fact that the prisoner or other doctors may believe he has a more serious injury or that he requires different treatment than what defendants provided does not establish a constitutional violation. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

---

[2] It is not clear from his pleadings whether Crigger is a pretrial detainee or a convicted felon. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

Under these principles, Crigger's allegations do not state the elements of any claim actionable under § 1983. First, he fails to demonstrate that an inmate has any constitutional right to possess written copies of medical records produced about him at the jail, and the court knows of none. Crigger does not allege that he is being denied an opportunity to review these records or that he needs them in order to obtain proper medical care or access to courts. Rather, he merely asserts that he is entitled to receive copies of the doctors' reports from jail officials. He fails to present any legal basis for this assertion.

Second, Crigger fails to allege facts indicating that anyone has acted with deliberate indifference to his serious medical needs. He admits that at least two doctors who have reviewed his case since his detention have made medical judgments that he does not need a cane. In a § 1983 proceeding, this court cannot second guess these medical judgments or compare them to findings by Crigger's private doctors before his detention that he should use a cane or that he is disabled in some way.[3] If the jail doctors have misdiagnosed his problem or made negligent treatment decisions, such negligent actions might present claims under state medical malpractice laws, but are not sufficient to give rise to a constitutional claim.[4] Finally, jail officials were entitled to rely on the doctors' decisions regarding whether or not Crigger's medical conditions necessitated his use of a cane. See Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

---

[3] Crigger does not indicate that the disability finding including any medical ruling that he needed to use a cane.

[4] Section 1983 was intended to protect only federal rights guaranteed by federal law and not tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, any state law claims possibly implicated by plaintiff's allegations are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

## Conclusion

For the stated reasons, the court finds that plaintiff's complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state any actionable claim. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 21st day of May, 2009.

/s/ Glen Conrad
United States District Judge